## Case No. 5,566.

### GOODYEAR v. DAY.

(Circuit Court, D. New Jersey. 1852.)

PATENTS — ABANDONMENT—LICENSE—PARTIES TO AN ACTION FOR INFRINGEMENT — ACTS OF COMMISSIONER—ASSIGNMENT—JUSTIFICATION FOR INFRINGEMENT — COURT OF EQUITY —PLEADING—FEIGNED ISSUE—PRIOR USE — CONSTRUCTION OF GRANT—REISSUE.

1. The question of abandonment must always depend, in a great measure, on the peculiar nature of the subject matter. The mere sale of a peculiar manufacture—as vulcanized rubber—which does not, on its face, disclose the nature of the compound, or the mode of producing it, is not such an abandonment. Even under the English laws, the sale in England of manufactured rubber goods imported from abroad, was held not to be an abandonment, or such a use of the thing—as the material itself did not disclose the means of making it—as would invalidate a patent granted to an original inventor there subsequently to such sale.

2. The publication of an invention on discovery by a defective specification is not an abandonment.

3. A mere licensee need not be made a party plaintiff in an action of infringement, though he may be benefited by the decree or judgment in the case. Neither need a party interested as cestui que trust, in the profits of the patent, be made a party, when the conveyance to such party reserves to the patentee the whole and sole power of disposal, and consequently the legal title.

4. Since the act of 1836 [5 Stat. 117], the commissioner of patents acts quasi judicially on the subjects of originality and novelty and utility of invention. He is bound to inquire and decide these questions before granting a patent. Such action, however, being ex parte, is not conclusive on those who are not parties to the proceeding.

5. An assignment of an interest in a patent, but reserving to the grantor the whole and sole power of disposal, conveys no legal title, but the assignee is only a cestui que trust, to the extent of his interest, in the profits.

6. It is no justification of the infringement of a renewed patent that the infringer had stolen and used the invention with impunity before the patent was amended. Section 7 of the act of 1839 [5 Stat. 353] gives no protection to those who may have seized upon an invention on discovery disclosed in a patent, whose specification may happen to be defective or insufficient.

7. A court of equity will not, in a decree intended to put an end to litigation as to patent interests, attempt to undo what has been done, and set aside what has already been adjudicated between the parties.

8. An assertion in an answer to a bill filed for the infringement of a patent, that the defendant had not used the compound in the proportions described in the plaintiff's patent, but had used other and better compounds, is a mere evasion, or rather an admission that he has been attempting to evade while actually infringing the patent.

9. D. having, during the pendency of certain actions against him, brought by G. for the infringement of G.'s patents, made a settlement with G., and having secured the exclusive right to use said G.'s patents, and also consenting that a judgment should be taken against him in one of such suits: Held, that D. had thereby admitted the validity of G.'s patents, and that he was estopped from denying their validity in any subsequent suit that might be brought against him by G.

10. The question of abandonment must always depend in a great measure on the peculiar nature of the subject matter. The mere sale of a peculiar manufacture—as vulcanized rubber—which does not, on its face, disclose the nature of the compound, or the mode of producing it, is not such an abandonment.

11. A feigned issue to try the validity of a patent will not be granted at the request of a defendant, who has been guilty of frequent infringements, and who has before allowed judgments to be taken against him in actions at law, and taken a license under the patent, and when no mistake or misrepresentation is alleged, nor the discovery of new evidence, nor that anybody but himself disputes the validity of the patent.

12. Semble, that improvements made by workmen, working under the pay of an inventor, and making experiments under his directions, are to be considered for the credit and benefit of such inventor.

13. In examining questions of identity and infringement, it is to be first ascertained wherein consists the substantial peculiarity which distinguishes the art or invention patented. Whoever adopts or appropriates such distinctive peculiarity or principle without license of the patentee, appropriates the invention, and infringes the patent, if the specification be correctly drawn.

14. The patent is prima facie evidence that the patentee is the original inventor or discoverer of the thing patented, and that the same is new and useful.

15. How far the use of an invention for a time, so long as it could be kept a secret, and securing a patent only when there was danger of discovery, would invalidate a patent granted: query.

16. The fact that things described in an original patent had been in public use, in the interval between the issue of the original and the reissue, does not prevent an inventor of the right to resume them in a reissue.

17. The mistake of claiming too little, in the original patent, has an equal claim to correction with that of claiming too much. If an original patent include two inventions, and its validity on that account is doubted, a separate renewal is just and proper. Section 13 of the act of 1836 contemplates two classes of cases, in which reissues may be granted: First, where a patent shall be inoperative and invalid by reason of a defective or insufficient description or specification: second, where that objection arises, by reason of the patentee claiming in his own specification, as his own invention, more than he had or shall have a right to claim as new. As to the first case, although the description or specification be clear and distinct to describe some improvement or invention, yet if it does not describe the particular invention intended to be described, it is inoperative and invalid, according to the sense of the law, and will justify a surrender and reissue.

18. A reissued patent is not void, because the things claimed in the original had been in public use in the interval between the original and reissued patent. Such a publication is not an abandonment or dedication.

Before GRIER, Circuit Justice, and DICKERSON, District Judge.

[Cited in Law. Pat. Dig. 95, 112, 151, 168, 245, 266, 272, 280, 302, 351, 363, 437, 514, 606;

614, 624, to the points stated as above. Nowhere more fully reported; opinion not now accessible.]